IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY CREIGHTON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 03-6343 |
| | : | |
| **ROBERT D. SHANNON, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                                                                                 **October 5, 2006**

Now before the Court is the pro se Petition of Larry Creighton ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville"). For the reasons that follow, the Petition will be denied and dismissed as untimely.

**I.**     **Procedural History**

On August 18, 1982, Petitioner was found guilty of criminal conspiracy, robbery, and possession of an instrument of crime.[1] He subsequently was sentenced to an aggregate term of seventeen and one-half to thirty-five years imprisonment. The Pennsylvania Superior Court denied Petitioner's direct appeal on January 30, 1985. Commonwealth v. Creighton, 490 A.2d 10 (Pa. Super. Ct. 1985) (Table). Petitioner did not seek review by the Pennsylvania Supreme Court.

Petitioner filed a petition under the Post Conviction Hearing Act ("PCHA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. (repealed), on July 24, 1986. The PCHA court dismissed the

---

[1] The judge declared a mistrial on the charge of criminal homicide after the jury failed to reach a verdict on that charge. On July 9, 1983, Petitioner was retried on the homicide charge and on July 22, 1983, he was acquitted.

petition.  The Pennsylvania Superior Court affirmed the dismissal on August 6, 1990.  Commonwealth v. Creighton, 581 A.2d 970 (Pa. Super. Ct. 1990) (Table).   Petitioner did not seek review by the Pennsylvania Supreme Court.

Petitioner filed a second petition for collateral relief on July 26, 2000 under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq.  The petition was dismissed as untimely on December 27, 2000.  Petitioner did not seek review by the Pennsylvania Supreme Court.

Petitioner filed a third petition for collateral relief on February 7, 2001.  The court dismissed the petition as untimely after construing it as a PCRA petition.  The Pennsylvania Superior Court affirmed the dismissal on May 9, 2002.  Commonwealth v. Creighton, 804 A.2d 52 (Pa. Super. Ct. 2002) (Table).  On November 22, 2002, the Pennsylvania Supreme Court denied Petitioner's request for review.  Commonwealth v. Creighton, 813 A.2d 837 (Pa. 2002) (Table).

On November 20, 2003, Petitioner filed the instant pro se petition for writ of habeas corpus.  The Court designated United States Magistrate Judge Thomas J. Rueter to submit a Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b).  Magistrate Judge Rueter has recommended that the Court deny the Petition as time-barred.  Because Petitioner has objected to the Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  Having reviewed the Report and Recommendation, Petitioner's Objections thereto, the Government's Response, and Petitioner's Reply to the Government's Response, the Court will approve and adopt the Report and Recommendation.

II.     **Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 et seq., which provides in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In addition, AEDPA's limitations period allows prisoners a one-year grace period following the effective date of the statute, April 24, 1996, to file their habeas petitions if their convictions became final prior to the statute's effective date. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The statute of limitations is subject to equitable tolling when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations omitted). "This unfairness generally occurs when the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal

quotations omitted). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal quotations omitted); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("[g]enerally a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

### III.    Analysis

In his Report and Recommendation, Magistrate Judge Rueter noted that Petitioner's conviction became final on March 1, 1985, thirty days after the Pennsylvania Superior Court affirmed the judgment of the Court of Common Pleas. Magistrate Judge Rueter also noted that Petitioner filed his first petition for collateral relief on July 24, 1986 and that the Pennsylvania Superior Court affirmed the dismissal of this petition on August 6, 1990. Since this activity took place prior to the April 24, 1996 effective date of the AEDPA, it did not toll the AEDPA's limitation period. However, under the AEDPA's one-year grace period, Petitioner had until April 23, 1997 to file his habeas petition. See Burns, 134 F.3d at 111 (3d Cir. 1998).

Petitioner's second and third petitions for collateral relief, filed on July 26, 2000 and February 7, 2001, respectively, were filed several years after the April 23, 1997 expiration of the limitation period. Therefore, neither petition tolled the already-expired statute of limitations.

Petitioner's § 2254 motion, which was filed on November 20, 2003, was beyond the applicable deadline. Since Petitioner failed to explain the delay, Magistrate Judge Rueter concluded that he was not entitled to equitable tolling and recommended that Petitioner's § 2254 motion be dismissed. Petitioner's objections to the Report and Recommendation fail to identify any extraordinary circumstances that prevented him from filing his habeas petition in a timely manner. Morton, 195 F.3d at 159. Accordingly, Petitioner's Objections are without merit and

will be overruled.

## IV.     Conclusion

The Petition must be dismissed because it was filed outside the applicable limitations period without an adequate explanation for the delay.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY CREIGHTON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 03-6343** |
| | : | |
| **ROBERT D. SHANNON, <u>et al.</u>** | : | |

**ORDER**

**AND NOW**, this 5th day of October, 2006, upon consideration of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (docket no. 11), Petitioner's Objections thereto (docket no. 13), the Government's Response (docket no. 14), and Petitioner's Reply to the Government's Response (docket no. 15), and after <u>de</u> <u>novo</u> review of the pleadings and record in this case, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED**;

3. There is no probable cause to issue a certificate of appealability.

                                                                           BY THE COURT:

                                                                           /s/ Bruce W. Kauffman
                                                                           **BRUCE W. KAUFFMAN,  J.**